CENTRAL HANOVER BANK AND TRUST COMPANY ET AL., COMPLAINANT-RESPONDENTS, v. JOHN WARNE HERBERT IV, ET AL., DEFENDANTS-APPELLANTS (TWO CASES).

CENTRAL HANOVER BANK AND TRUST COMPANY ET ALS., COMPLAINANTS-RESPONDENTS, v. OLIVIA DUNN GRISCOM, ET AL., DEFENDANTS-APPELLANTS.

Argued January 17 and 24, 1949—Decided February 21, 1949.

Messrs. *Edward Markley* and *James J. Langan* argued the cause for the defendants-appellants, John Warne Herbert, IV, et al. (*Messrs. Markley & Broadhurst,* attorneys).

Mr. *George W. Betts, Jr.,* argued the cause for the defendants-appellants, Eric Warne Dunn, et al.

Messrs. *Whiting & Moore,* attorneys for defendants-appellants, Olivia Dunn Griscom, et al. (*Mr. Ira C. Moore, Jr.,* of counsel, on the brief).

Mr. *Mark A. Sullivan,* attorney for complainants-respondents.

The opinion of the court was delivered by

BURLING, J. These are appeals from final decrees of the former Court of Chancery construing identical clauses in three

trust indentures and giving instructions to the trustees thereof. From these decrees and the instructions contained therein the respective *cestuis que trustent* have appealed.

The bill in No. A–206 was filed on behalf of the trustees under a deed of trust executed December 13, 1935 by Olivia A. Herbert, then of the Borough of Helmetta in Middlesex County, as trustor. After naming the Central Hanover Bank and Trust Company, John W. Herbert, III and Carl M. Herbert as trustees thereunder, the indenture transferred unto them certain assets in trust for John W. Herbert, III for life or until he should arrive at the age of 45 years, with remainder over to the issue of the life tenant in such portions as he might by will appoint or in case of the death of the life tenant before attaining the age of 45 years, leaving issue but failing to exercise the power of appointment, then to such issue per stirpes. The agreement further provided that in the event the latter provision should become effective the proportionate share of each of the said issue should constitute a separate and distinct trust fund during such of the minority of the said remainderman as would not violate the Rule against Perpetuities. The sequence of events provided for by the trustor did, in fact, occur and the life tenant died before attaining the age of 45 years and without exercising the power of appointment. In compliance with the mandate of the indenture the present trustees, three in number, divided the principal sum of the trust fund, which approximated $150,000 into three trusts of $50,000.00, one for each child of the deceased life tenant.

The present controversy has arisen over the interpretation of the following clause of the trust indenture:

"The trustees shall each be entitled to receive as compensation for their services in the administration of this trust, commissions at the rates allowed testamentary trustees under the laws of the State of New York in effect at the time that such commissions become payable."

Under the law of New York, if the principal of the trust is less than $100,000.00 and there shall be more than one trustee, one full commission shall be apportioned among them. *Surrogate's Court Act, Secs.* 285, 285a. The *cestuis que trustent* contend

that, the principal sum of each trust being under the sum of $100,000.00, the three trustees shall apportion one full commission in compliance with the statutory mandate. The trustees allege that under a proper construction of the quoted clause of the indenture the New York law is to apply only as to the rates of the commission, but that since the trustor directed that "each" trustee receive a commission, there should be no apportionment. The Vice Chancellor upheld the contention of the trustees and advised a decree in their favor.

The appellants urge that the Vice Chancellor erred in the reception of testimony as to the surrounding circumstances attending the execution of the trust indenture purporting to show the intent of the trustor. It is further urged that error was likewise committed in permitting testimony to the effect that the trustor had, upon two occasions during her lifetime, approved the payment of a full commission to each trustee. The rule is that parol evidence is admissible to explain an ambiguity in a writing, or when the intent of the donor is not clear. But where the language employed has an ordinary meaning or where the meaning is plain and unambiguous on its face, there is no ground for the application of the above rule and parol or extrinsic evidence is inadmissible. *Meserve v. Traverso,* 119 *N. J. L.* 566 *(E. & A.* 1938*); Trenton Banking Co. v. Howard,* 187 *Atl.* 569 *(Ch.* 1936, not officially reported*)* affirmed on opinion 121 *N. J. Eq.* 85 *(E. & A.* 1936*);* 20 *Am. Jur. "Evidence" Sec.* 1147, *p.* 999. The trust indenture here under construction contained no doubtful or ambiguous provisions and the admission of the testimony complained of constituted error. Accordingly, it is unnecessary to consider whether this evidence was inadmissible on other grounds.

An examination of the trust indenture, however, leads us to the conclusion that the error was harmless. The employment by the trustor of words directing that the trustees should *each* receive commissions at the *rates* allowed by the State of New York clearly discloses the intent of the trustor to have been that every trustee should benefit individually by the receipt of a full commission. It is clear that the New York law is to be employed only as a basis for computation of the

percentage on the principal. This conclusion is the only way to give effect to the word "each". The indenture was in evidence and we are in accord with the resulting construction of the Vice Chancellor. The reception of the evidence constituted harmless error, not justifying a reversal of the decree. *Thompson v. Briscoe,* 108 *N. J. L.* 387 *(E. & A.* 1931); *Rule* 1:2–20 *(b).*

Nos. A-216 and A-217 are appeals from decrees of the former Court of Chancery involving the construction of identical clauses in two other trust indentures executed by the same trustor. The three causes were consolidated for hearing and argument both in the court below and here and the appeals were based upon the same questions raised and considered in No. A-206. The decrees will be affirmed for the reasons set forth in the consideration of No. A-206.

The decrees of the former Court of Chancery are respectively affirmed.

*For affirmance:* Justices WACHENFELD, BURLING, and ACKERSON—3.

*For reversal:* Justices CASE and HEHER—2.